UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **LET IT RIDE FISHING CORP.,**<br>        Plaintiff,<br><br>v.<br><br>**DIOGO SOARES,**<br>        Defendant. | Civil Action No.: |

## COMPLAINT

Plaintiff, Let it Ride Fishing Corp. ("Plaintiff"), alleges:

### Jurisdiction

1. This is an admiralty and maritime case within the meaning of Fed.R.Civ.P. 9(h) and 28 U.S.C. § 1333.

2. Additionally, this is an action for a declaratory judgment pursuant to 28 U.S.C. § 2201 and Fed.R.Civ.P. 57.

### Parties

3. Plaintiff is a Massachusetts corporation domiciled in this District and at all material times owned F/V TEMPTRESS, a scalloper fishing out of Massachusetts.

4. Defendant, Diogo Soares, on information and belief, is an individual residing in this District.

### Facts

5. Defendant claims that on or about December 5, 2020 he incurred a right thigh hematoma injury while working as a deckhand on F/V TEMPTRESS in U.S. navigable waters.

6. Following the claimed injury, Plaintiff paid Defendant maintenance and cure in full at least through January 21, 2022, at which time Defendant, through his counsel, instructed Plaintiff that Defendant was cured, released to work, and that maintenance and cure was satisfied.

7. Since January 21, 2022, Defendant has not worked for Plaintiff or onboard F/V TEMPTRESS.

8. Since January 21, 2022, and on information and belief, Defendant has worked on several different scallopers and for several different employers: at least four [4].

9. In or about September 2022, Defendant, through new counsel, requested Plaintiff pay for a thoracic spine MRI and other treatment related to new claimed lower back pain radiating to Defendant's leg, which manifested after January 21, 2022.

10. In or about September 2022 and thereafter, Plaintiff requested information from Defendant several times concerning his new pain complaints and request for medical care payment and Defendant did not supply the information requested or sufficiently cooperate in the investigation.

11. In or about April 2023, and for the first time since January 21, 2022, Plaintiff requested Defendant pay for a right leg MRI and other treatment associated with right leg pain that Plaintiff reports progressed when he returned to work after January 21, 2022.

12. Defendant, though not legally required to do so, has or will pay for medical care requested in April 2023 under protest and subject to all defenses to maintenance and cure liability.

**COUNT I: DECLARATORY JUDGMENT ON MAINTENANCE AND CURE**

13. Paragraphs 1-12 are reiterated as if fully stated herein.

**Medical Conditions did Not Arise in Service of F/V TEMPTRESS.**

14. Under the General Maritime Law, a vessel owner does not have an obligation to pay maintenance and cure for medical conditions that do not manifest while in the service of the ship.

15. Defendant's claimed medical conditions after on or about January 21, 2022 did not manifest while in the service of F/V TEMPTRESS.

**Defendant Reached Maximum Cure no later than January 21, 2022.**

16. Under the General Maritime Law, a vessel owner does not have an obligation to pay a seaman maintenance and cure after he reaches maximum cure for injuries arising in the service of the ship.

17. Defendant reached maximum cure for his claimed December 5, 2020 injury onboard F/V TEMPTRESS no later than January 21, 2022.

18. Plaintiff satisfied all Defendant's maintenance and cure through at least January 21, 2022.

**Defendant Failed to Cooperate with Investigation.**

19. Under the General Maritime Law, a vessel owner does not have an obligation to pay a seaman maintenance and cure when he fails to cooperate with the vessel owner's investigation.

20. Defendant, despite several requests, has not sufficiently cooperated with Plaintiff's investigation and requests for information.

WHEREFORE, Plaintiff respectfully prays that the Court enter judgment in favor of Plaintiff and against Defendant on Count I and enter Declaratory Judgment that Plaintiff is not liable to pay Defendant maintenance and cure, inclusive of any medical condition after January 21, 2022, and enter any such further relief the Court deems just and proper.

Respectfully submitted,
Plaintiff, Let it Ride Fishing Corp.
By its counsel,

/s/ Olaf Aprans
_____
Olaf Aprans (BBO # 670434)
**FARRELL SMITH O'CONNELL**
**AARSHEIM APRANS LLP**
27 Congress Street, Ste. 109
Salem, MA  01970
(978) 744-8918 x 12
olaf@fsofirm.com

Dated:  April 6, 2023